# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 21-186V

|  |  |
|---|---|
| SOPHIE FRIEDFELD-GEBAIDE,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: March 8, 2024 |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Joseph Adam Lewis, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On January 7, 2021, Sophie Friedfeld-Gebaide filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccination administered to her on March 2, 2020. Pet., ECF No. 1. Petitioner further alleges that the vaccine was received in the United States, she suffered sequela of her injury for more than six months, and neither Petitioner nor any other party has ever received compensation in the form of an award or settlement for her vaccine-related injury. *Id.* The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On April 20, 2023, a Ruling on Entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. ECF No. 31. On March 7, 2024, Respondent filed a Proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $85,000.00 in pain and suffering and $11,327.32 in past unreimbursable out-of-pocket expenses. Proffer at 2, ECF No. 44. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id*. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $96,327.32 for pain and suffering and past unreimbursable expenses, in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

```
_____
                                )
SOPHIE FRIEDFELD-GEBAIDE,        )
                                )
        Petitioner,             )          No. 21-186V    ECF
                                )
        v.                       )          Chief Special Master Corcoran
                                )
SECRETARY OF HEALTH              )
AND HUMAN SERVICES,              )
                                )
        Respondent.             )
_____)
```

## PROFFER ON AWARD OF COMPENSATION[1]

### I.   Procedural History

On January 7, 2021, Sophie Friedfeld-Gebaide ("petitioner") filed a petition for compensation ("petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended. Petitioner alleges that she suffered from a left shoulder injury related to vaccine administration ("SIRVA") as a result of a seasonal influenza ("flu") vaccine administered on March 2, 2020.  Petition at 1.  On April 18, 2023, respondent filed his Vaccine Rule 4(c) Report, concluding that petitioner suffered from SIRVA as defined by the Vaccine Injury Table, within the Table timeframe.  ECF No. 29.  On April 20, 2023, Chief Special Master Corcoran issued a ruling on entitlement, finding that petitioner is entitled to compensation for a SIRVA Table injury.  ECF No. 31.

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

## II.    Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded a lump sum of **$96,327.32**, consisting of $85,000.00 for past pain and suffering and $11,327.32 for unreimbursable out-of-pocket expenses.  This amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## III.    Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment, as described below, and requests that the Chief Special Master's decision and the Court's judgment award the following:  A lump sum payment of **$96,327.32** in the form of a check payable to petitioner.[2]  Petitioner agrees.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

TRACI R. PATTON
Assistant Director
Torts Branch, Civil Division

---

[2]  Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

s/ *Joseph A. Lewis*
JOSEPH A. LEWIS
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146,
Benjamin Franklin Station
Washington, D.C. 20044-0146
T: (202) 451-7495
E: joseph.a.lewis@usdoj.gov

DATED:  March 7, 2024